IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

SHERMAN CLARK, as Executor of
The Estate of Robert Clark, and
AMANDA CLARK

      Plaintiffs,

v.                                        CASE NO. 2:21-cv-00399

AMERICAN MEMORIAL LIFE INSURANCE
COMPANY, a South Dakota Corporation,
ASSURANT, INC., a Delaware Corporation,
ORCA LIFE, INC. a Kentucky Corporation, and
DAVID AUSTIN NORFLEET, an individual,

      Defendants.

## NOTICE OF REMOVAL

Defendants American Memorial Life Insurance Company ("AMLIC") and Assurant, Inc. ("Assurant") (collectively "Removing Parties"), pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the case styled *Sherman Clark, et al, v. American Memorial Life Insurance Company, et al.*, Civil Action No. 21-C-483, pending in the Circuit Court of Kanawha County, West Virginia to this Court. As grounds for the removal of this action to this Court, Removing Parties state as follows:

1.     This Notice of Removal is filed pursuant to 28 U.S.C. § 1441(a) and § 1446, which provides that any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction may be removed by a defendant.

2.     Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint served on Removing Parties is attached hereto as **Exhibit 1**. A copy of the Kanawha County, West Virginia docket sheet for this matter is attached as **Exhibit 2**. Upon information and belief, other than

these filings, no other proceedings have occurred in state court, and no other pleadings, process, or orders have been served.

3. A copy of the Summons and Complaint was served on the West Virginia Secretary of State on June 14, 2021. <u>Exhibit 1.</u> A copy of the Summons and Complaint was received by the registered agent of AMLIC on June 16, 2021. **Exhibit 3**. The registered agent of Assurant received a copy of the Summons and Complaint on June 17, 2021. **Exhibit 4**. Upon information and belief, a copy of the Summons and Complaint was accepted for service by the West Virginia Secretary of State for the other defendants, Orca Life, Inc. ("Orca") and David Austin Norfleet ("Norfleet"), on or about June 14, 2021. **Exhibit 5.**

4. This Notice of Removal is filed within thirty days of receipt of a pleading or document that made the civil action removable and, therefore, is timely under 28 U.S.C. § 1446(b).

5. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed to the District Court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Charleston Division of the Southern District of West Virginia is the United States district and division assigned to Kanawha County, West Virginia, the county in which the state court action is pending.

6. As required by 28 U.S.C. § 1446(d), the Removing Parties will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice with the Clerk of the Circuit Court of Kanawha County, where the action is currently pending.

7. The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties. Defendants AMLIC, Assurant, Orca, and Norfleet (collectively "Defendants") were, at the time the state court action was filed, and remain as of the date of filing of this Notice of Removal, diverse in citizenship from Plaintiffs. *See* 28 U.S.C. § 1332(a). Also, this court has original jurisdiction over this case because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

8. Upon information and belief, Plaintiffs all were residents and citizens of the State of West Virginia. Specifically, the Complaint states that (1) Sherman Clark, as Executor of the Estate of Robert Clark, is a resident of Kanawha County, West Virginia; (2) Robert Clark was a resident of Kanawha County, West Virginia prior to his death in January 2021; and (3) Amanda Clark is a resident of Kanawha County, West Virginia. Complaint at ¶ 1, 2.

9. Conversely, none of the Defendants can be considered citizens of West Virginia for purposes of diversity jurisdiction. AMLIC is a South Dakota corporation with a principal place of business in Rapid City, South Dakota. Complaint at ¶ 3; *see also*, **Exhibit 6.** Assurant is a Delaware corporation with a principal place of business in New York, New York. Complaint at ¶ 4; *see also,* **Exhibit 7.** Orca is a Kentucky corporation with a principal place of business in Louisville, Kentucky. Complaint at ¶ 5; *see also*, **Exhibit 8**. Norfleet was alleged to be a Kentucky resident at the times relevant to the allegations in the Complaint, but it also alleges that he currently resides in Florida. Complaint at ¶ 6. Indeed, upon information and belief, Mr. Nofleet was served with a copy of the Complaint and Summons in Saint Petersburg, Florida. **Exhibit 9**. Accordingly, for purposes of diversity jurisdiction, the Defendants cannot be considered citizens of West Virginia, unlike Plaintiffs, all of whom reside in West Virginia.

10. Therefore, there is complete diversity as required under 28 U.S.C. § 1332.

11. Additionally, the amount-in-controversy exceeds $75,000.00, as required under 28 U.S.C. § 1332.

12. Plaintiffs' Complaint centers around a whole life insurance policy that was issued to Robert Clark, and the Complaint brings causes of action for violations of the Unfair Trade Practices Act ("UTPA), first-party bad faith, breach of contract, fraud and misrepresentation. *See* Complaint at Counts I – III. Plaintiffs do not seek a specific dollar amount in their Complaint, but Plaintiffs allege that they are entitled to compensatory damages; punitive damages; attorneys' fees, costs, expenses; and pre-judgment and post-judgment interest. Complaint at p. 13. In similar cases involving insurance disputes, in addition to compensatory damages, federal courts in West Virginia have consistently recognized that statutory damages available under the UTPA, punitive damages, and properly requested attorneys' fees routinely take the amount-in-controversy of a dispute above the $75,000.00 jurisdictional limit. *See, e.g, Jackson v. Am. Nat'l Prop. & Cas. Co.*, No. 2:17-cv-03802, 2017 U.S. Dist. LEXIS 190572 (S.D. W. Va. Nov. 17, 2017); *Woods v. Nationwide Mut. Ins. Co.*, Civil Action No. 5:05-CV-165, 2006 U.S. Dist. LEXIS 40580 (N.D.W. Va. June 16, 2006); *Kenney v. Indep. Order of Foresters*, Civil Action No. 3:12-CV-123, 2012 U.S. Dist. LEXIS 175370 (N.D.W. Va. Dec. 11, 2012); *Elliott v. AAA Ins.*, Civil Action No. 5:15-CV-146, 2016 U.S. Dist. LEXIS 3598 (N.D.W. Va. Jan. 12, 2016).

13. Further, undersigned counsel has conferred with Plaintiffs' counsel by telephone in June 2021, during which counsel discussed the amount in controversy and the Defendants' intent to remove. Plaintiffs' counsel advised that he would not seek to remand because he similarly agreed the amount in controversy was satisfied.

14.     Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse in their respective citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15.     Finally, 28 U.S.C. § 1446(b)(2)(A) requires "all defendants who have been properly joined and served" to "join in or consent to the removal of the action." Orca and Norfleet have provided consent to remove this action, as evidenced by the signature of their counsel below.

16.     Notice of this removal, attached hereto as **Exhibit 10**, has been filed with and provided to the Clerk of the Circuit Court of Kanawha County, West Virginia.

17.     Defendants have complied with all applicable provisions of 28 U.S.C. § 1446 governing the process for removal.

WHEREFORE, Defendants submit this Notice of Removal to the Court and hereby give notice to the Clerk of the Circuit Court of Kanawha County, West Virginia, that said removal is hereby effected on this 14th day of July 2021, and that no further action by the Circuit Court shall take place unless this action be remanded by this Court.

**AMERICAN MEMORIAL LIFE INSURANCE COMPANY AND ASSURANT, INC.**

**BY DINSMORE & SHOHL, LLP**

<u>*/s/ Jill Cranston Rice*</u>
Jill Cranston Rice (WV Bar No. 7421)
Alex M. Greenberg (WV Bar No. 12061)
Dinsmore & Shohl Building
215 Don Knotts Blvd., Suite 310
Morgantown, WV  26501
Telephone:     (304) 296-1100
Facsimile:     (304) 296-6116
Email:  jill.rice@dinsmore.com
Email:  alex.greenberg@dinsmore.com

Jason L. Holliday (WV State Bar No. 12749)
707 Virginia Street, East, Suite 1300
Charleston, WV 25301
Telephone:     (304) 357-9918
Facsimile:     (304) 257-0919
Email:  jason.holliday@dinsmore.com

Consent to Removal provided by:

<u>*/s/ Billy R. Shelton*</u>
Billy R. Shelton (WVSB # 12926)
SHELTON, BRANHAM & HALBERT, PLLC
2452 Sir Barton Way, Suite 200
Lexington, KY 40509
bshelton@sbhlegal.net
***Counsel for ORCA Life, Inc. and David Austin Norfleet***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**SHERMAN CLARK, as Executor of**
**The Estate of Robert Clark, and**
**AMANDA CLARK**

      **Plaintiffs,**

**v.**                                          CASE NO. 2:21-cv-00399

**AMERICAN MEMORIAL LIFE INSURANCE**
**COMPANY, a South Dakota Corporation,**
**ASSURANT, INC., a Delaware Corporation,**
**ORCA LIFE, INC. a Kentucky Corporation, and**
**DAVID AUSTIN NORFLEET, an individual,**

      **Defendants.**

## **CERTIFICATE OF SERVICE**

    I, Jill Cranston Rice, do hereby certify that the foregoing **Notice of Removal** was served upon all parties via the CM/ECF Court System, and by regular U.S. Mail, on this the 14th day of July, 2021 to the following counsel of record:

R. Scott Long / Stephen E. Hastings
HENDRICKSON & LONG, PLLC
214 Capitol Street
Charleston, West Virginia 25301
scott@handl.com
shasting@handl.com
*Counsel for Plaintiffs*

Billy R. Shelton
SHELTON, BRANHAM & HALBERT, PLLC
2452 Sir Barton Way, Suite 200
Lexington, KY 40509
bshelton@sbhlegal.net
*Counsel for ORCA Life, Inc. and David Austin Norfleet*

                                          */s/ Jill Cranston Rice*
                                          Jill Cranston Rice (WV Bar No. 7421)